UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

─────────────────────────────────────────────

CAMERON A. TAYLOR,

        Plaintiff,

        v.                                        Case No. 22-cv-0951-bhl

MILWAUKEE COUNTY SHERIFF'S OFFICE,

        Defendants.

─────────────────────────────────────────────

## SCREENING ORDER

─────────────────────────────────────────────

Plaintiff Cameron Taylor, who is currently incarcerated at the Milwaukee County Jail and representing himself, filed a complaint under 42 U.S.C. §1983, alleging that his civil rights were violated. This matter comes before the Court on Taylor's motion for leave to proceed without prepaying the full filing fee and to screen the complaint.

### MOTION TO PROCEED WITHOUT PREPAYING THE FILING FEE

Taylor has requested leave to proceed without prepaying the full filing fee (*in forma pauperis*). A prisoner plaintiff proceeding *in forma pauperis* is required to pay the full amount of the $350.00 filing fee over time. *See* 28 U.S.C. §1915(b)(1). Taylor has filed a certified copy of his prison trust account statement for the six-month period immediately preceding the filing of his complaint, as required under 28 U.S.C. §1915(a)(2), and has been assessed and paid an initial partial filing fee of $135.50. Taylor's motion for leave to proceed without prepaying the filing fee will be granted.

## SCREENING OF THE COMPLAINT

The Court has a duty to review any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity and must dismiss any complaint or portion thereof if the prisoner has raised any claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b). In screening a complaint, the Court must determine whether the complaint complies with the Federal Rules of Civil Procedure and states at least plausible claims for which relief may be granted. To state a cognizable claim under the federal notice pleading system, a plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2). It must be at least sufficient to provide notice to each defendant of what he or she is accused of doing, as well as when and where the alleged actions or inactions occurred, and the nature and extent of any damage or injury the actions or inactions caused.

"The pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* A complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct

alleged." *Id.* at 556. "[T]he complaint's allegations must be enough to raise a right to relief above the speculative level." *Id*. at 555 (internal quotations omitted).

## ALLEGATIONS OF THE COMPLAINT

Taylor asserts that Defendant Milwaukee County Sheriff's Office has violated his rights on multiple occasions. He explains that he has been locked in his cell from 24 to 48 hours without receiving an hour out. He states that his requests for copies of his grievances, medical records, and medication records have been ignored. According to Taylor, before his incarceration he had no health conditions, but now he has high blood pressure and has been prescribed psych medication because of stress. Taylor also asserts that for three months inmates were given cold-cut sandwiches to eat for every meal. He also states that inmates were not given cleaning supplies to disinfect their cells, and they "barely get mail here." According to Taylor, whenever he tries to speak to staff about these issues, all they tell him is to write a grievance.

## THE COURT'S ANALYSIS

According to the Wisconsin Circuit Court Access website, Taylor is at the Milwaukee County Jail awaiting trial on pending criminal charges. Because Taylor is a pretrial detainee, his claim that he has had to live in unconstitutional conditions of confinement arises under the Due Process Clause of the Fourteenth Amendment. *See Miranda v. Cty. of Lake*, 900 F.3d 335, 350-51 (7th Cir. 2018). To state a conditions-of-confinement claim, a plaintiff must allege that the complained of conditions were objectively serious, that the defendant acted purposefully, knowingly, or perhaps even recklessly with respect to the consequences of his actions, and that the defendant's actions were objectively unreasonable. *See Kemp v. Fulton County*, 27 F.4th 491, 495 (7th Cir. 2022); *Hardeman v. Curran*, 933 F.3d 816, 827 (7th Cir. 2019) (Sykes, J., concurring).

3

Taylor's complaint is deficient for a few reasons. First, the Milwaukee County Sheriff's Department is not a proper defendant. Section 1983 allows a plaintiff to sue a "person" who violates his constitutional rights under color of state law. Under Wisconsin law, a county sheriff's department "is not a legal entity separable from the county government which it serves," and is therefore not subject to suit under §1983. *Whiting v. Marathon Cty. Sheriff's Dep't*, 382 F.3d 700, 704 (7th Cir. 2004). Because the only Defendant Taylor names cannot be sued, his complaint must be dismissed.

Next, a defendant is liable for damages under §1983 only if he was personally responsible for the deprivation of a constitutional right, meaning that the deprivation occurred at the defendant's behest or with his knowledge and consent. *See Williams v. Shah*, 927 F.3d 476, 482 (7th Cir. 2019). While the complaint references the conditions that Taylor believes violate the Constitution, it fails to identify who was responsible for creating those conditions or for failing to address Taylor's complaints about the conditions.

Finally, Taylor's allegations are too vague to support a reasonable inference that the complained of conditions were objectively serious. For example, Taylor alleges that he has been locked in his cell for up to 48 hours, but he does not state how frequently this happened or whether there were extenuating circumstances such as security concerns that interfered with regularly scheduled recreation time. Further, Taylor alleges that he received cold-cut sandwiches for months, but he does not clarify if he also received other foods such as fruit, vegetables, or juice, nor does he clarify if his diet as a whole was nutritionally adequate. Taylor also asserts that he "barely" gets mail, but he includes no allegations about how often he receives his mail, what mail he believes he is not receiving, if officials are destroying his mail, or if his mail is being returned to the sender because it fails to comply with jail policies. Finally, the Court reminds Taylor that,

4

while the Constitution requires jail officials to provide humane conditions of confinement, it does not mandate that jails be comfortable. *See Thomas v. Blackard*, 2 F.4th 716, 719 (7th Cir. 2021). Thus, only conditions that pose an excessive risk to an inmate's health and deprive him of the minimal civilized measures of life's necessities will violate the Constitution. *Id.* at 720.

If Taylor wants to proceed with this lawsuit, he will need to file an amended complaint by **November 30, 2022** that cures the deficiencies identified in this decision. Taylor should draft his proposed amended complaint as if he is telling a story to someone who knows nothing about his situation. This means that he should explain what happened to make him believe he has a legal claim, when it happened, who did it, and why. Taylor should set forth his allegations in short and plain statements, and he should ensure that his amended complaint can be understood by someone who is not familiar with the facts of his case. If Taylor does not know the name of someone he wants to sue, he may use a John Doe placeholder. If Taylor states a claim against a Doe Defendant, he will be allowed to use discovery to learn the Doe Defendant's name.

Taylor is advised that an amended complaint replaces the prior complaint and must be complete in itself without reference to the original complaint. *See Duda v. Bd. of Educ. of Franklin Park Pub. Sch. Dist. No. 84*, 133 F.3d 1054, 1056–57 (7th Cir. 1998). If an amended complaint is received, the Court will screen it as required by 28 U.S.C. §1915A. If an amended complaint is not received, the Court will dismiss this case based on Taylor's failure to state a claim in his original complaint.

**IT IS THEREFORE ORDERED** that Taylor's motion for leave to proceed *in forma pauperis* (Dkt. No. 4) is **GRANTED**.

**IT IS FURTHER ORDERED** that, if Taylor wants to proceed with this case, he must file an amended complaint on or before **November 30, 2022**. If Taylor does not file an amended

5

Case 2:22-cv-00951-BHL    Filed 11/01/22    Page 5 of 7    Document 10

complaint or a written explanation of why he is unable to do so by the deadline, the Court will dismiss this case based on his failure to state a claim in the original complaint. If Taylor does not want to proceed with this case, he does not have to take any further action.

**IT IS FURTHER ORDERED** that the Clerk's Office mail Taylor a blank prisoner amended complaint form and a copy of the guide entitled "Answers to Prisoner Litigants' Common Questions," along with this order.

**IT IS FURTHER ORDERED** that the agency having custody of Taylor shall collect from his institution trust account the $214.50 balance of the filing fee by collecting monthly payments from Taylor's prison trust account in an amount equal to 20% of the preceding month's income credited to the prisoner's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. §1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action. If Taylor is transferred to another institution, the transferring institution shall forward a copy of this Order along with Taylor's remaining balance to the receiving institution.

**IT IS FURTHER ORDERED** that copies of this order be sent to the Milwaukee County Sheriff and to Dennis Brand, 821 W. State Street, Room 224, Milwaukee, WI 53233.

**IT IS FURTHER ORDERED** that plaintiffs who are inmates at Prisoner E-Filing Program institutions must submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the Court. The Prisoner E-Filing Program is mandatory for all inmates of Green Bay Correctional Institution, Waupun Correctional Institution, Dodge Correctional Institution, Wisconsin Secure Program Facility, Columbia Correctional Institution, and Oshkosh Correctional Institution. Plaintiffs who are inmates at all other prison facilities must submit the original document for each filing to the Court to the following address:

Office of the Clerk
United States District Court
Eastern District of Wisconsin
362 United States Courthouse
517 E. Wisconsin Avenue
Milwaukee, Wisconsin 53202

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS. It will only delay the processing of the matter.

Taylor is further advised that failure to make a timely submission may result in the dismissal of this action for failure to prosecute. In addition, the parties must notify the Clerk of Court of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Dated at Milwaukee, Wisconsin on November 1, 2022.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge